UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN DOE,

    Plaintiff,

v.                                      Case No. 8:25-cv-02758-WFJ-NHA

APPLICATION PROCESSING
SERVICE, INC.,

    Defendant.
_____/

**ORDER**

Plaintiff moves for permission to litigate this case using the pseudonym John Doe. Doc. 11. Plaintiff seeks to conceal his name only from the public docket. I grant the motion.

**I.  Background**

    a. The Complaint

Plaintiff brings this action pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. Doc. 1. Plaintiff sues Defendant Application Processing Services, Inc., alleging that the Defendant violated the FCRA by issuing a report about Plaintiff to a homeowner's association that disclosed: (1) an Indiana criminal conviction that had been expunged, (2) a Florida criminal case that had been sealed, (3) a Florida criminal case in which

adjudication had been withheld, and (4) two Florida traffic infractions that were more than seven years old. Doc. 1 ¶¶ 52-58.

Plaintiff claims that these disclosures violated the FCRA. *Id.* ¶¶ 110-17, ¶¶ 118-26. Plaintiff also asserts that the disclosures caused Plaintiff's rental application to be denied, leaving him without a place to live. *Id.* ¶¶ 99-109.

### b. The Motion

With his complaint, Plaintiff filed the present motion seeking to proceed in this case using a pseudonym. Doc. 11. Plaintiff explains that he is willing "to disclose his identity to Defendant," and thus the Defendant will not be prejudiced by the request.

In his motion, Plaintiff argues that the laws governing the expungement and sealing of criminal records are designed to protect the privacy of defendants, and that such protected criminal records "are information of the utmost intimacy." *Id.*, pp. 3-4. Plaintiff also argues that requiring people who challenge the wrongful disclosure of their private information to sue using their true names would defeat any attempt at privacy enforcement and deter people from seeking judicial relief to enforce their privacy rights. *Id.*, pp. 6-7.

Plaintiff explains that, if he must litigate this case using his real name, it will undermine the purpose of the expungement and sealing by "creating a public record linking his identity to Defendant's reporting of his criminal records." *Id.*, p. 6.

Along with his motion, Plaintiff filed under seal an affidavit disclosing his identity and swearing under penalty of perjury that the Indiana criminal records at issue have been expunged and that the relevant Florida records have been sealed. Doc. 12 (sealed).

## II. Legal Authority

Rule 10(a) of the Federal Rules of Civil Procedure states that a complaint "must name all the parties." The Eleventh Circuit has noted that Rule 10(a) "serves more than administrative convenience," it also "protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992). Thus, "[a]s a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam).

However, the Eleventh Circuit has also recognized that, in certain circumstances, a plaintiff's interest in privacy outweighs the public's interest in access to information. *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020) (per curiam). To determine if a plaintiff may be justified in suing under a pseudonym, a court should examine what are called the "*SMU* factors," which are: "whether the party seeking anonymity (1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal

3

prosecution." *In re: Chiquita Brands*, 965 F.3d at 1247 (citing in *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe* ("*SMU*")). These factors, however, are "only the first step" of the pseudonym analysis; a court's decision should take into consideration "*all* the circumstances of a given case." *Id.* (quotations omitted) (emphasis in original).

Although the analysis is ultimately case-specific, the Eleventh Circuit has identified certain types of "exceptional cases" in which a plaintiff's anonymity is often justified, including cases "where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Frank*, 951 F.2d at 324. Courts in this District have found pseudonyms are warranted on this basis when, for example, a plaintiff sued an advocacy organization for wrongly publicly identifying him as a sexual predator, *Doe v. Predator Catchers, Inc.*, 343 F.R.D. 633 (M.D. Fla. 2023) (granting motion for plaintiff alleging wrongful public identification as predator), and when a plaintiff sued the City of Jacksonville for sharing with a local housing authority the plaintiff's confidential juvenile arrest report, *M.J. v. Jacksonville Hous. Auth.*, 2011 WL 4031099 (M.D. Fla. Sept. 12, 2011) (granting motion for plaintiff suing city for sharing confidential juvenile arrest record).

### III. Discussion

Here, it is not clear that Plaintiff's case fits squarely into any of the *SMU* factors. Factor one is not satisfied, because Plaintiff is not challenging

government activity; he is suing a private company for its disclosure of his criminal records. Factor three, which considers whether disclosing his name would compel him to admit an intent to engage in illegal conduct, is also not satisfied; Plaintiff wishes to conceal records of *past* criminality, not an act or intent that risks *future* prosecution.

Factor two of the *SMU* analysis, which considers whether proceeding under his own name would force Plaintiff to make public "information of utmost intimacy," is a closer call. The Eleventh Circuit has contrasted matters of the utmost intimacy with information that may cause the plaintiff only to "suffer some personal embarrassment." *Frank*, 951 F.2d at 324. For example, in *Doe v. Frank*, the Circuit rejected the plaintiff's argument that his alcoholism was a matter of utmost intimacy, finding it instead to be merely a matter of potential embarrassment. *Id.* at 324. In explaining this distinction, the Circuit noted that matters of the utmost intimacy are those in which "the social stigma attached to the plaintiff's disclosure was found to be enough to overcome the presumption of openness in court proceedings." *Id.* Examples of instances in which the Eleventh Circuit has found the social stigma sufficient have included lawsuits involving mental illness, homosexuality, transsexuality, abortion, and litigation positions associated with infamous beliefs or that might bring acute cultural shame or threats of harm. *Doe v.*

5

*Neverson*, 820 F. App'x 984, 988 (11th Cir. 2020) (unpublished) (cataloguing cases).

Here, Plaintiff argues that his sealed and expunged convictions are matters of utmost intimacy because disclosure risks "much more than embarrassment." Doc. 11, p. 10. Although individuals with a criminal history may face social stigma, Plaintiff does not explain why it would be particularly acute here or allege that he faces any retaliatory mental or physical harm.

Ultimately, however, I need not decide whether Plaintiff squarely satisfies any of the three *SMU* factors, because in considering "all of the circumstances" of Plaintiff's case "[a]long with these factors," I find that this is the kind of "exceptional case" in which "the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *See Frank*, 951 F.2d at 324.

That is, Plaintiff brings this lawsuit specifically to keep his criminal history out of the public record. Requiring him to litigate this case using his real name would require him to create a public record of his past criminal history.

Plaintiff's Florida criminal history was sealed under Fla. Stat. § 943.0595, which authorizes automatic sealing of most court records of arrests for non-violent offenses that do not result in a conviction and for which no indictment was filed. Fla. Stat. § 943.0595(2)(a); 3(b). Plaintiff cites a Florida

District Court of Appeals opinion in which the court recognizes that an individual with a sealed Florida criminal record "is permitted to deny he was arrested." *Farach v. Rivero*, 305 So. 3d 54, 57 (Fla. 3d DCA 2019); *see* Doc. 11, p. 4. Discussing a law that permitted discretionary sealing of criminal records by court order, the Florida Supreme Court has noted that "the policy of public access to old records must be weighed against the long-standing public policy of providing a second chance to criminal defendants who have not been adjudicated guilty." *State v. D.H.W.*, 686 So. 2d 1331, 1336 (Fla. 1996).

The fact that Plaintiff's records were sealed under Fla. Stat. § 943.0595 means that he was not adjudicated guilty; and it further suggests that the public policy of Florida is to give Plaintiff a second chance, *i.e.*, to prevent Plaintiff from facing collateral consequences from the dissemination of his past criminal accusations.

Similarly, Plaintiff asserts his Indiana records were expunged,[1] pursuant to Indiana Code § 35-38-9 (Doc. 12 (sealed) ¶¶ 3-4), which permits expungement of criminal records for charges that did not result in convictions, as well as for misdemeanors and some felonies. Ind. Code § 35-38-9-1; 35-38-9-2; 35-38-9-3. Plaintiff points out that Indiana law requires that "A person whose record is expunged shall be treated as if the person had never been

---

[1] Plaintiff's sealed affidavit refers to an Indiana "Expungement Order attached hereto," but no such order is attached. Doc. 12 (sealed) ¶ 5.

7

convicted of the offense." Ind. Code § 35-38-9-10(e); *see* Doc. 11, p. 4. As with Florida's sealing statute, Indiana's law is intended to allow its beneficiaries to avoid the collateral consequences of a public criminal record: "The legislature intended to give individuals who have been convicted of certain crimes a second chance by not experiencing many of the stigmas associated with a criminal conviction." *Taylor v. State*, 7 N.E.3d 362, 367 (Ind. Ct. App. 2014).

Here, the "injury litigated against" is the social stigma associated with disclosure of prior criminal accusations or convictions that the state has allegedly deemed should be kept private, which stigma may deprive individuals of opportunities (including housing opportunities).

To determine conclusively at this stage whether those records were appropriately or wrongfully disclosed by Defendant would be to decide the merits of the case. Such a determination is not necessary to recognize that, if disclosure of his records were a legally cognizable injury, then requiring him to seek redress using his real name would compound the injury and foreclose meaningful relief. It would also likely undermine the policy bases for the expungement and sealing statutes by requiring a person attempting to enforce those statutes to abandon the rights allegedly guaranteed thereunder.

Without expressing any view of the merits of Plaintiff's claims, he must be allowed to make his case without undercutting his stated motivation for bringing this action. *See Doe v. Inflection Risk Solutions, LLC*, 2025 WL 74483,

8

at *1 (M.D. Fla. Mar. 7, 2025) ("Here, the injury litigated against—the disclosure of Doe's expunged criminal record—would be incurred as a result of the disclosure of Doe's identity in the litigation.") (cleaned up).

Finally, I note that allowing Plaintiff to proceed under a pseudonym poses no "fundamental unfairness" to the Defendant. Plaintiff has mitigated any concern about prejudice to Defendant by stating his willingness to disclose his identity to the Defendant and by promptly providing that information to the Court. *See* Doc. 11, p. 7; Doc. 12 (sealed).

Because Plaintiff's strong and specific interest in keeping his identity private in this case outweighs the public's general interest in access to court proceedings, and because Plaintiff's privacy interest outweighs any prejudice that might inure to the Defendant, Plaintiff's motion is granted.

### III. Conclusion

For the reasons explained above, Plaintiff's motion to proceed under a pseudonym is GRANTED; Plaintiff may continue to litigate this case under the name "John Doe." Plaintiff is directed to privately disclose his identity to Defendant, if he has not done so already.

ORDERED on November 19, 2025.

*Natalie Hirt Adams*
NATALIE HIRT ADAMS
UNITED STATES MAGISTRATE JUDGE

10