UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN DOE,

      Plaintiff,

v.                                        Case No. 8:25-cv-02758-WFJ-NHA

APPLICATION PROCESSING
SERVICE, INC.,

      Defendant.

_____/

## **ORDER**

Plaintiff moves for an order directing the Clerk to enter default against Defendant Application Processing Service, Inc. Doc. 18. I grant the motion.

## I.  **Background**

Plaintiff John Doe[1] initiated this action on October 8, 2025, alleging violations of the Fair Credit Reporting Act by Defendant Application Processing Services, Inc. ("APS"). Plaintiff filed a return of service on APS on October 13, 2025. Doc. 13. On November 3, 2025, Plaintiff moved on Defendant's behalf for an extension of the deadline for Defendant answer the complaint. Doc. 14. The motion explained that Plaintiff's counsel had

---

[1] The Court has granted Plaintiff leave to proceed in this action under a pseudonym. *See* Doc. 16.

communicated with Defendant and that Defendant needed additional time to obtain counsel and to consider settling the case. *Id.* The Court granted the motion, extending the deadline for Defendant to answer the complaint from November 17 to December 1, 2025. Doc. 15.

On December 18, Plaintiff filed the instant motion, asserting that he is entitled to entry of Clerk's default against Defendant, because Defendant had been served on October 14, 2025 and had failed to respond to the complaint by the December 1, 2025 deadline. Doc. 18.

## II.    Applicable Law

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). However, "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). And, "[g]enerally, where service of process is insufficient, the court has no power to render judgment.*" In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003).

Federal Rule of Civil Procedure 4(h)(1) governs the service of process on United States corporations. It provides that service may be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general

agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B). A corporation may also be served by following state law in which the district court is located or in which service is effected. FED. R. CIV. P. 4(h)(1)(A), 4(e)(1).

Section 48.081 of the Florida Statutes governs service of process on corporations in Florida. That statute sets forth a hierarchy of persons who may accept service on a corporation's behalf. Subsection (2) directs plaintiffs to first attempt service on the corporation's registered agent. *See* Fla. Stat. § 48.081(2).

Florida law requires that corporations which have designated a registered agent "shall cause the designated registered agent to keep the designated registered office open from at least 10 a.m. to 12 noon and 2 p.m. to 4 p.m. each day except Saturdays, Sundays, and legal holidays, and shall cause the designated registered agent to keep one or more individuals who are, or are representatives of, the designated registered agent on whom process may be served at the office during these hours." Fla. Stat. § 48.091(3). In cases in which the designated registered agent is a natural person, that statute allows a process server to serve "any employee of such natural person at the designated registered office at the time of service," if the registered agent him or herself is not present at the statutorily required time. Fla. Stat.

3

§ 48.091(4)(b). This alternative to serving the registered agent personally is available even "during the first attempt at service." *Id.*

## III.  Analysis

Here, the return of service demonstrates that Plaintiff, via a licensed process server, served "Richard Guastella as employee of Joel Wavelet, registered agent for Applications Processing Service, Inc., at the address of: 205 Flagship Drive, Suite 3, Lutz, FL 33549," at 11:55 a.m. on Friday, October 17, 2025. Doc. 13, p. 3. The return of service further explains that Joel Wavelet failed to be available at the time designated by statute, and the process server thus served Wavelet's employee. *Id.*

Public records confirm that Joel Wavelet is APS's registered agent and that the Lutz, Florida address identified in the return of service is the registered agent's address.[2] By attempting to serve Wavelet at that address at 11:55 on Friday, October 17, 2025, Plaintiff properly attempted to serve APS's registered agent when the agent was required to be present under Fla.

---

[2] Records of the Florida Department of State, Division of Corporations, are available at www.sunbiz.org, a verified website of a public agency. Federal Rule of Evidence 201 permits courts to take judicial notice of "a fact that is not subject to reasonable dispute because it[ ] ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). "The court may take judicial notice at any stage of the proceeding." FED. R. EVID. 201(d).

Stat. § 48.091(3). Finding the registered agent absent, the process server served Wavelet's employee, as permitted by Fla. Stat. § 48.091(4)(b).

Defendant subsequently failed to answer or otherwise respond to Plaintiff's complaint by the Court's December 1, 2025 deadline. *See* FED. R. CIV. P. 55(a). Plaintiff is thus entitled to the Clerk's entry of default against Defendant.

For these reasons, it is ORDERED:

1. Plaintiff's motion for Clerk's default (Doc. 18) is GRANTED;

2. The Clerk is DIRECTED to enter default against Defendant Application Processing Service, Inc.;

3. Pursuant to Local Rule 1.10, Plaintiff shall, within 35 days of entry of the Clerk's default, apply for default judgment or file a paper identifying each unresolved issue necessary to entry of the default judgment.

DONE on December 19, 2025.

NATALIE HIRT ADAMS
United States Magistrate Judge