UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOHN DOE**,

      Plaintiff,

v.                                     Case No. 8:25-cv-02758-WFJ-NHA

**APPLICATION PROCESSING
SERVICE, INC.**,

      Defendant.

_____/

## **ORDER**

Before the Court is Plaintiff John Doe's Motion for Default Judgment against Defendant Application Processing Service, Inc. ("APS"), pursuant to Federal Rule of Civil Procedure 55. Dkt. 20. Previously, the Clerk of the Court entered a default under Rule 55(a). Dkt. 24. Defendant has failed to file any responsive pleading or appear in this matter. After carefully considering the allegations of the Complaint, Dkt. 1, Plaintiff's submissions, and the entire file, the Court grants in part the motion for default judgment.

## **BACKGROUND**

This Fair Credit Reporting dispute arises from allegedly inaccurate reports provided to Plaintiff's prospective landlord. In July 2025, Plaintiff located a rental unit with HomeRiver Group. Dkt. 1 ¶¶ 43, 46. On August 1, 2025, Plaintiff submitted an online application and paid a $75 application fee for the apartment. *Id.* ¶ 45. On

August 5, 2025, Plaintiff received notice from HomeRiver Group that his initial application had been approved and that $1,462.45 needed to be paid before the move-in date. *Id.* ¶¶ 46, 47.

HomeRiver Group informed Plaintiff that because the rental unit was governed by the Villages of Bloomingdale Homeowners Association ("HOA"), Plaintiff would also have to apply with the HOA. *Id.* ¶ 48. On August 6, 2025, Plaintiff completed the HOA application, paid an additional $250 application fee, and delivered the application to the HOA. *Id.* ¶ 49. On August 8, 2025, Plaintiff followed up with HomeRiver Group regarding the status of his HOA application and was informed that it was still pending. *Id.* ¶¶ 50–51.

The HOA contracted with Defendant to conduct tenant screening for prospective tenants to determine their eligibility. *Id.* ¶ 52. On August 8, 2025, the HOA ordered a consumer report on Plaintiff from Defendant. *Id.* ¶ 53. The same day, Defendant provided a consumer report about Plaintiff to the HOA, including information on Plaintiff's credit history, criminal history, and civil records. *Id.* ¶ 54; *see* Dkt. 20-7 (showing redacted consumer report). Plaintiff alleges that the consumer report published inaccurate information about Plaintiff which included: (1) an expunged criminal case, with four charges, from Marion County, Indiana (which was reported three times); (2) a sealed criminal case, with two charges, from Hillsborough County, Florida (which was reported two times); (3) a criminal case,

2

with two charges, from Hillsborough County, Florida, with a disposition of "NTAW" (which was reported two times); and (4) two civil traffic infractions older than seven years. Dkt. 1 ¶¶ 56–58.

Plaintiff claims the information for each criminal charge and infraction is inaccurate under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"). *Id.* ¶ 59. First, the Marion County, Indiana, criminal case was expunged on May 5, 2021, and should not have been reported under the FCRA. *Id.* ¶¶ 60–61. Additionally, three of the four charges were dismissed, and they were older than 10 years, which should have prevented them from being reported under the FCRA. *Id.* ¶ 62. Moreover, Defendant's repeated reporting of the Indiana criminal case is also inaccurate. *Id.* ¶ 63. Second, the first Hillsborough County, Florida, criminal case was sealed on September 4, 2024, and therefore was prohibited from being reported under the FCRA. *Id.* ¶¶ 64–65. Plaintiff also claims that the Hillsborough County criminal cases were reported with dispositions of "NTLOR" and "NTAW," which are materially misleading because these are not commonly known acronyms. *Id.* ¶¶ 66–71. Furthermore, Defendant's repeated reporting of the Hillsborough County criminal records is inaccurate. *Id.* ¶¶ 68, 72. Third, Defendant's reports of two civil traffic infractions from 2015 and 2017 are more than seven years old and are prohibited from being reported under the FCRA. *Id.* ¶ 73. Based on all these inaccuracies, Plaintiff alleges Defendant failed to follow reasonable procedures to

3

assure the maximum possible accuracy of the information sold to Plaintiff's prospective HOA. *Id.* ¶¶ 77, 79.

On August 11, 2025, Plaintiff began receiving notices of late fees assessed to his account because Plaintiff had not paid his balance due at move-in. *Id.* ¶ 80. On August 15, 2025, Plaintiff was notified by HomeRiver Group that his housing application was denied as a direct result of the background report published by Defendant. *Id.* ¶ 82. Shortly thereafter, Plaintiff obtained a copy of the consumer report containing the inaccurate information and attempted to dispute the inaccurate information with Defendant. *Id.* ¶¶ 84, 88–89. During Plaintiff's dispute call on August 15, 2025, Defendant told Plaintiff that it would not reinvestigate his dispute. *Id.* ¶ 92. Therefore, Plaintiff alleges that Defendant failed to conduct a reasonable reinvestigation of Plaintiff's August 2025 dispute and failed to correct the disputed information in violation of 15 U.S.C. § 1681i(a)(1)(A). *Id.* ¶ 95.

As a result of Defendant's alleged violations of the FCRA, Plaintiff has suffered actual damages, including loss of housing opportunities; loss of time and money trying to correct the consumer report; the expenditure of labor and effort disputing and trying to correct the inaccurate reporting; damage to his reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment. *Id.* ¶¶ 99–109.

4

Plaintiff filed his Complaint against the Defendant on October 8, 2025. *See* Dkt. 1. The Complaint raises two counts against Defendant, alleging Fair Credit Reporting Act ("FCRA") violations under 15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681i. Dkt. 1 at 18, 20. On October 17, 2025, the Defendant was properly served pursuant to Federal Rule of Civil Procedure 4(c). *See* Dkt. 13. Defendant has failed to file any responsive pleading or appear in this matter. The Magistrate Judge granted Plaintiff's motion for the Clerk's entry of default, Dkt. 19, and the Clerk's entry of default was filed on January 27, 2026. Dkt. 24. Plaintiff now moves for default judgment on all counts. Dkt. 20.

## LEGAL STANDARD

Under Rule 55 of the Federal Rules of Civil Procedure, after the Clerk of Court enters default against the defendants and the defendants fail to appear or move to set aside the default under Rule 55(c), the Court may, on plaintiff's motion, enter a default judgment against the defendants. Fed. R. Civ. P. 55(b)(2). But the Court must then ascertain whether "there is 'a sufficient basis in the pleadings for the judgment entered.'" *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The burden on the movant in this context is akin to the one borne by a party seeking to defeat a motion to dismiss for failure to state a claim. *Graveling v. Castle Mortg. Co.*, 631 F. App'x 690, 698 (11th Cir. 2015) (citing

*Surtain*, 789 F.3d at 1245) ("The requisite factual showing for a default judgment is similar to the factual showing necessary to survive a motion to dismiss for failure to state a claim."). Thus, a court looks to see whether the complaint contains adequate factual averments, which—if accepted as true—state "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

If the Court finds that the plaintiff has adequately stated claims for relief, a court must then address the issue of damages. A court may conduct an evidentiary hearing on that question, Fed. R. Civ. P. 55(b)(2)(B), but need not do so where the sought-after damages constitute a liquidated sum, are capable of mathematical calculation, or "where all essential evidence is already of record." *Secs. & Exch. Comm'n v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) (citation omitted); *see also Perry Ellis Int'l, Inc. v. URI Corp.*, 2007 WL 3047143, at *1 (S.D. Fla. Oct. 18, 2007) (observing that a court may grant statutory damages which are predicated "upon affidavits and other documentary evidence if the facts are not disputed"). Resolution of the damages issue is ultimately left to a court's sound discretion. *Axiom Worldwide, Inc. v. Excite Med. Corp.*, 591 F. App'x 767, 775 (11th Cir. 2014).

## DISCUSSION

As an initial matter, the Court has subject matter jurisdiction because Plaintiff's claims arise under federal law—the FCRA. *See* 28 U.S.C. § 1331. The

6

Complaint also sufficiently alleges personal jurisdiction because Defendant APS is a Florida corporation that does business in the State of Florida and in this District, with its principal place of business in Lutz, Florida. Dkt. 1 ¶ 15; *see Borg-Warner Acceptance Corp. v. Lovett & Tharpe, Inc.*, 734 F.2d 639, 640 (11th Cir. 1984).

Next, because Defendant has defaulted, it has admitted the truth of the Complaint's well-pleaded allegations. *See Ordonez v. Icon Sky Holdings LLC*, No. 10-60156-CIV, 2011 WL 3843890, at *5 (S.D. Fla. Aug. 30, 2011) (citing *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)). As such, the Court accepts as true Plaintiff's allegations that "Defendant assembled and published an inaccurate consumer report to Plaintiff's prospective landlord, which reported the following: (1) an expunged criminal case, triplicated; (2) a sealed criminal case, duplicated; (3) a criminal case wherein adjudication was withheld, duplicated; and (4) two civil traffic infractions older than seven years." Dkt. 1 ¶ 3. In his Complaint, Plaintiff seeks relief in the form of actual, statutory, and punitive damages as provided by the FCRA. The Court concludes that Plaintiff has set forth a sufficient basis to enter final default judgment against Defendant on both counts and established entitlement to some (but not all) of the requested damages.

## I.      Counts I and II—Plaintiff's § 1681e(b) and § 1681i claims

Plaintiff alleges that Defendant violated § 1681e(b) and § 1681i of the FCRA. Dkt. 1 at 18, 20. Under § 1681e(b), "[w]henever a consumer reporting agency

prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). To establish a claim under § 1681e(b), a plaintiff must show "(1) inaccurate information was included in a consumer's credit report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered injury; and (4) the consumer's injury was caused by the inclusion of the inaccurate entry." *Coleman v. Experian Info. Sols., Inc.*, 655 F. Supp. 3d 1285, 1300 (N.D. Ga. 2023) (quoting *Enwonwu v. Trans Union, LLC*, 364 F. Supp. 2d 1361, 1365 (N.D. Ga. 2005)); *see also Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 944 (11th Cir. 2021) ("To state a claim under § 1681e, the plaintiff must show that the agency's report contained factually inaccurate information, that the procedures it took in preparing and distributing the report weren't 'reasonable,' and that damages followed as a result.").

Similarly, "[t]he elements of a claim under § 1681i—which focuses on the consumer's credit 'file' rather than his credit 'report'—are the same, except that the plaintiff needn't show that the agency prepared and distributed a report." *Losch*, 995 F.3d at 944 (quoting *Collins v. Experian Info. Sol., Inc.* 775 F.3d 1330, 1335 (11th Cir. 2015)). Because Plaintiff challenges Defendant's procedures and reinvestigation of his consumer report, Dkt. 1 ¶¶ 114, 120, the report-file distinction is immaterial.

8

As such, the Court addresses together the reasonableness of Defendant's report-preparation "procedures," § 1681e(b), and its "reinvestigation," § 1681i(a).

Here, accepting the well-pled factual allegations as true, Plaintiff has sufficiently alleged all elements of his §§ 1681e(b) and 1681i(a) claims. The Complaint provides ample factual allegations showing that inaccurate information about Plaintiff's prior criminal history was included in his consumer credit report, Dkt. 1 ¶¶ 56–77; the inaccuracy was due to Defendant's failure to follow reasonable procedures to assure maximum possible accuracy, such as checking whether the criminal cases were expunged, sealed, or too old to be reported, *id.* ¶¶ 78–79; Plaintiff suffered financial and emotional injury, *id.* ¶¶ 99–109; and Plaintiff's injuries were caused by the inclusion of the inaccurate information since HomeRiver Group denied his housing application based on the consumer report, *id.* ¶¶ 80–98.

Plaintiff also claims the violations of § 1681e(b) and § 1681i were "willful," which requires "proof that 'a consumer reporting agency either knowingly or recklessly violated'" the FCRA—that is, "[a] reckless violation of the FCRA requires the consumer to establish that the agency's action 'is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.'" *Celestine v. Cap. One*, 741 F. App'x 712, 715 (11th Cir. 2018) (quoting *Levine v. World Fin. Network Nat'l Bank*, 554 F.3d 1314, 1318 (11th

Cir. 2009)); *see also Rhodes v. First Advantage Background Servs. Corp.*, No. 24-11005, 2024 WL 4615775, at *8 (11th Cir. Oct. 30, 2024) (citation modified) ("Recklessness, in turn generally requires action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known.").

Here, the Court agrees with Plaintiff that Defendant's actions were willful violations of the FCRA. Accepting the Complaint as true, Defendant ignored reasonable procedures that would have discovered that it was "(1) reporting duplicate and triplicate records; (2) reporting expunged and sealed criminal records, as well as two traffic infractions older than seven years, that were prohibited from being reported; and (3) reporting unclear dispositions for the Hillsborough County, Florida cases." Dkt. 1 ¶ 78. Moreover, when confronted with these major inaccuracies in Plaintiff's consumer report, Defendant refused to conduct a reinvestigation and even told Plaintiff that "if Defendant was able to find the information online, then [Defendant] was allowed to report such information." *Id.* ¶¶ 92, 93. There is no possible "reasonable reading of the [FCRA's] terms" that would permit Defendant to outright refuse to comply with its statutory duties to ensure maximum possible accuracy and reinvestigate any disputes just because Plaintiff's information could be found online. *Collins*, 775 F.3d at 1336 (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69 (2007)); *see* 15 U.S.C. §§ 1681e(b),

10

1681i(a)(1). Therefore, the Court enters default judgment in favor of Plaintiff on Counts I and II.

## II.    Relief Requested

Because Plaintiff has set forth a sufficient basis to enter final default judgment, the Court considers the relief requested by Plaintiff. A "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The Court may award relief in the form of actual damages, punitive damages, statutory damages, and attorney's fees and costs to a consumer under the FCRA. *See* 15 U.S.C. § 1681o (showing damages for a negligent violation); 15 U.S.C. § 1681n(a) (showing damages for a willful violation, including punitive damages). Plaintiff seeks $50,000 in actual, compensatory damages and $200,000 in punitive damages due to Defendant's negligent and willful violations. Dkt. 20 at 22, 24.

### a. Actual Damages

As to actual damages, Plaintiff alleges he sustained "$50,000 in actual, compensatory damages" as a result of Defendant's inaccurate reporting. *Id.* at 22. The Court disagrees with Plaintiff's inflated request.

Section 1681o of the FCRA governs civil liability for negligent noncompliance with the statute. *Collins*, 775 F.3d at 1333. That section provides, in relevant part, that "[a]ny person who is negligent in failing to comply with any

requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of . . . any actual damages sustained by the consumer as a result of the failure." 15 U.S.C. § 1681o(a)(1). In addition to any concrete financial harm, the Eleventh Circuit has noted that lost time and emotional distress are cognizable injuries under the FCRA. *See Losch*, 995 F.3d at 943; *Pedro v. Equifax, Inc.*, 868 F.3d 1275, 1280 (11th Cir. 2017).

Concerning emotional damages, another court in the Middle District has noted that actual damages for the negligent violation of FCRA, including awards for emotional or mental distress, "range from $4,500 through $30,000," depending on the level of testimony and proof provided by the plaintiff. *Rodriguez v. Nat'l Tenant Network, Inc.*, No. 6:23-CV-2487-ACC-RMN, 2024 WL 5484107, at *8 (M.D. Fla. Nov. 13, 2024), *report and recommendation adopted*, No. 6:23-CV-2487-ACC-RMN, 2024 WL 5484133 (M.D. Fla. Dec. 3, 2024) (collecting cases).

Here, the Court finds that Plaintiff has provided sufficient evidence of financial harm for his loss of $75 when paying the online application fee, $250 for the HOA fee, and $300-per-month rental fee for a storage unit since August 2025. *See* Dkt. 1 ¶¶ 45, 49, 102; Dkt. 20-2 (showing confirmation email for online

application); Dkt. 20-11 ¶¶ 16, 17 (showing declaration from Plaintiff). As to these actual damages, the Court awards $2,425.[1]

However, with respect to the emotional damages, the Court declines to award the requested $50,000. Beyond the allegations in the Complaint and a self-serving affidavit that copies the Complaint's allegations, Plaintiff has presented no evidence showing he suffered mental or emotional harm. Indeed, there are no affidavits from witnesses or family members, medical reports, hospital bills, or other professional testimony attesting to Plaintiff's alleged "loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment." Dkt. 20-11 ¶ 18; *see* Dkt. 1 ¶ 105. At most, Plaintiff only specifies emotional harm from being forced out of his home and having to stay with a family member, with his daughter having to sleep on an air mattress and Plaintiff sleeping on the couch. Dkt. 1 ¶ 101. Therefore, the Court finds that an actual damages award of **$7,425** ($2,425 + $5,000 for emotional damage) is reasonable and supported by the meager record.

### b.  Punitive Damages

Next, Plaintiff requests $200,000 in punitive damages for Defendant's willful violations of the FCRA. Dkt. 20 at 24. The Court declines to do so.

---

[1] This award was calculated by adding $75 + $250 + ($300 X 7 months of renting a storage unit, including the month of February 2026) = $2,425.

Under 15 U.S.C. § 1681n(a), "[a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer" for actual, statutory, or punitive damages. *See Harris v. Mexican Specialty Foods, Inc.*, 564 F.3d 1301, 1306 (11th Cir. 2009). The Supreme Court has held that "reckless disregard of a requirement of FCRA would qualify as a willful violation within the meaning of § 1681n(a)." *Safeco*, 551 U.S. at 71. As discussed above, Plaintiff has sufficiently shown that Defendant willfully violated 15 U.S.C. §§ 1681e(b) and 1681i.

When determining a punitive damages award that satisfies due process in a Fair Credit Reporting Act case, the Eleventh Circuit has already determined that a 4:1 ratio between punitive and compensatory damages comports with the Due Process Clause, reasoning that ratios exceeding the single digits should be reserved for exceedingly reprehensible conduct. *Williams v. First Advantage LNS Screening Sols. Inc*, 947 F.3d 735, 750 (11th Cir. 2020). Applying this 4:1 ratio to the instant case, the Court finds that a punitive damages award of **$29,700** ($7,425 multiplied by 4) is appropriate, for a total award of **$37,125** ($29,700 punitive damages + $7,425 actual damages). Such an award passes constitutional muster, is sufficient to punish Defendant for its conduct, and will deter future such misconduct. *See Williams*, 947 F.3d at 765–66.

14

c. *Attorney's Fees*

Finally, Plaintiff "requests his reasonable attorneys' fees and costs expended to institute this action." Dkt. 20 at 25. The Court finds Plaintiff is entitled to attorney's fees and costs under the FCRA and directs Plaintiff to file a motion for attorney's fees and costs pursuant to Local Rule 7.01(c).

Importantly, Plaintiff is cautioned that what constitutes a reasonable attorney's fee is a matter within this Court's discretion. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1304 (11th Cir. 1988). A prevailing party may recover only an objectively reasonable attorney's fee, known as the "lodestar" fee, which is the product of the number of hours reasonably expended on the litigation multiplied by the reasonable hourly rates. *Marchisio v. Carrington Mortg. Servs., LLC*, Case No. 14-14011-civ, 2020 WL 4350725, at *6 (S.D. Fla. July 29, 2020) (citing *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999)). It is the burden of the party seeking the fees to prove the reasonableness of the hourly rates and the number of hours worked. *Barnes*, 168 F.3d at 427.

Here, pursuant to Local Rule 7.01 and in the interest of efficiency, while it was appropriate for Plaintiff to request an award of fees and costs in the instant motion for default judgment, *see* 15 U.S.C. § 1681n(a)(3), the Court's Local Rules provide for consideration of a fee award after judgment is entered in favor of Plaintiff. *See* Local Rule 7.01(a) (providing bifurcated procedure for claiming

15

attorney's fees and related non-taxable expenses). As such, Plaintiff should file a motion that complies with the requirements of Local Rule 7.01(c) within 45 days of the entry of judgment.

## CONCLUSION

Accordingly, it is therefore **ORDERED AND ADJUDGED** as follows:

1.  Plaintiff's Motion for Default Final Judgment, Dkt. 20, is **GRANTED in part.**

    a.  Pursuant to 15 U.S.C. §§ 1681o, 1681n(a), Plaintiff shall recover **$37,125** in actual and punitive damages.

    b.  Plaintiff is **DIRECTED** to file a supplemental motion on attorney's fees and costs in accordance with Local Rule 7.01(c) no more than **45 days** after judgment is entered in his favor.

2.  The Clerk is **DIRECTED** to enter final default judgment on all counts in favor of Plaintiff John Doe against Defendant Application Processing Service, Inc., together with post-judgment interest to accrue at the legal rate, all for which let execution issue forthwith.

3.  The Clerk is also **DIRECTED** to **TERMINATE** all pending deadlines and **CLOSE** this case.

**DONE AND ORDERED** at Tampa, Florida, on February 11, 2026.

_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

16

**COPIES FURNISHED TO:**
Counsel of Record